IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 11-5139 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

   This matter is before the Court on the motion to stay by Defendant DePuy Orthopaedics, Inc. [Docket Item 6] and the motion to remand by Plaintiff Linda Davis [Docket Item 11]. The Court finds as follows:

   1. Plaintiff Linda Davis, a citizen of North Carolina, initially filed this product liability action in the Superior Court of New Jersey, Atlantic County Law Division on July 8, 2011. Plaintiff alleges injuries suffered as a result of being implanted with an allegedly defective DePuy device in her hip, a Pinnacle Acetabular Cup System, in 2008. On September 8, 2011, Defendant DePuy removed the action to this Court, alleging subject matter jurisdiction on the basis of complete diversity, and arguing that Defendant Johnson & Johnson, a citizen of New Jersey, was fraudulently joined.

   2. On September 12, 2011, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") issued a conditional

transfer order in this matter pursuant to Rule 7.1 of the Rules of Procedure of the MDL Panel, contemplating that the action be transfered to the MDL proceeding No. 2244 before Judge Kinkeade of the United States District Court for the Northern District of Texas.  MDL No. 2244 was created by the MDL Panel on May 23, 2011 to coordinate federal cases sharing "factual questions as to whether DePuy's Pinnacle Acetabular Cup System, a device used in hip replacement surgery, was defectively designed and/or manufactured . . . ."  <u>In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation</u>, 787 F. Supp. 2d 1358, 1360 (U.S. Jud. Pan. Mult. Lit., May 23, 2011).

 3.  On September 13, 2011, Defendant DePuy moved to stay pretrial matters in this action pending transfer to MDL 2244.  On October 4, 2011, Plaintiff filed opposition to DePuy's motion to stay and simultaneously filed a motion to remand the action to the Superior Court of New Jersey [Docket Item 11], arguing that DePuy had not met its burden to show that Defendant Johnson & Johnson was fraudulently joined.  On that same date, Plaintiff filed, with the MDL Panel, a motion to vacate the MDL Panel's conditional transfer order as it relates to this action.  The MDL Panel will decide the contested transfer order after its scheduled hearing on the matter on December 1, 2011.

 4.  The Court will grant DePuy's motion to stay and will defer adjudicating Plaintiff's motion to remand.  The decision to

stay proceedings pending an MDL transfer is within the Court's "broad powers to stay proceedings" <u>Bechtel Corp. v. Local 215 Laborer's Int'l Union of N.A.</u>, 544 F.2d 1207, 1215 (3d Cir. 1976), which requires the Court to weigh competing interests, including: (1) the efficient and consistent adjudication of common issues, (2) the hardship to the moving party should the case proceed before the current Court, and (3) the potential prejudice to the non-moving party from the delay occasioned by the stay.  See <u>Packer v. Power Balance, LLC</u>, Civ. No. 11-802, 2011 WL 1099001 at *1 (D.N.J. Mar. 22, 2011).

    5.  Plaintiff opposes the entry of the stay, in part, by arguing that the Court must decide the pending motion to remand based on subject matter jurisdiction before taking any other action.  Plaintiff's argument is unavailing.  Should the MDL Panel order the transfer of the action to MDL 2244, Plaintiff's jurisdictional challenge will be heard by the District Court for the Northern District of Texas.  See <u>In re Ivy</u>, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course.").

    6.  Plaintiff also argues that staying the case in anticipation of MDL transfer does not promote judicial efficiency or consistent adjudication because Plaintiff's jurisdictional challenge is not a question shared by any other action that has

3

been transferred to MDL 2244.  The Court finds, however, that entering the stay is likely to promote judicial efficiency and consistent adjudication.  DePuy avers that it anticipates requesting transfer to MDL 2244 for other Pinnacle products liability cases filed in New Jersey state courts naming Johnson & Johnson as a defendant, thereby permitting one single court to address similar issues consistently and efficiently.  Additionally, MDL 2244 has addressed motions to remand by other plaintiffs.  See Long Cert. Ex. 2 (MDL 2244 Docket listing motions to remand).  In fact, the Court notes that MDL 2244 has been confronted with other motions to remand addressing the specific question of whether specific defendants were fraudulently joined to defeat subject matter jurisdiction.  See Freisthler v. DePuy Orthopaedics, Inc., Civ. No. 11-6580 2011 WL 4469532 (C.D. Ca. Sep. 21, 2011).  Thus, the Court concludes that, in the event of transfer of this action, the District Court for the Northern District of Texas handling pretrial motions for the other MDL 2244 actions will be better equipped to ensure efficient and consistent adjudication of Plaintiff Davis's motion to remand in this action.

    7.  Finally, the Court finds that prejudice to Plaintiff from a delay until the transfer issue is decided is minimal, as the issue is scheduled for hearing before the MDL Panel on December 1, 2011, which is less than one month away.  Should the

4

MDL Panel decide to transfer the action to MDL 2244, the MDL transferee judge will decide it together with any similar motions.  Alternatively, should the MDL Panel decide not to transfer the action to MDL 2244, this Court will address it upon receiving notification of the MDL Panel's decision, again causing Plaintiff only a minimum of delay.

    The accompanying Order shall be entered.

**November 2, 2011**                     **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                       United States District Judge